# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4119

_____

Ricky L. Maddix, also known as    *
Wadud Tahir Wali,    *
   *
       Appellant,    *
   *
      v.    *   Appeal from the United States
   *   District Court for the
Steven Crawford, Doctor; Tammy L.    *   Eastern District of Missouri.
Bordeau, Nurse; Karol J. Chestnut,    *
Nurse; Desiray Crocker, Nurse;    *   [UNPUBLISHED]
Marietta Jones, Nurse; Robyn    *
Williams, Nurse; Randy Childress,    *
Nurse; Linda Roth,  Chief Medical    *
Administrator; Melissa Clements,    *
Director of Nurses; Unknown    *
Coleman, Nurse; Sheila Unknown,    *
Nurse; David Barnhouse, Correction    *
Officer; Shannon Clubbs, Correction    *
Officer; Unknown Richards,    *
Correction Officer; Unknown Adams,    *
Correction Officer; Don Sanders,    *
Classification Assistant; Eric Dunn,    *
Caseworker; Melody Haney, Functional *
Unit Manager; Unknown Nicholson,    *
Caseworker; Ricky Bailey,    *
Classification Assistant; Cathy Kline,    *
Caseworker; Mail Room  Personnel;    *
Ian Wallace, Superintendent; John    *
Doe, On Site Dentist,    *
   *
       Appellees.    *

———————

Submitted: February 7, 2007
Filed: February 14, 2007

———————

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

———————

PER CURIAM.

Missouri inmate Ricky L. Maddix appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed the suit because, among other reasons, it agreed with defendants' contentions that Maddix failed to exhaust the myriad claims raised in his complaint. Upon de novo review, see Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (this court reviews de novo application of Prison Litigation Reform Act, and for clear error district court's findings of fact), we agree with the district court that Maddix failed to exhaust administratively any of the claims he raised in the instant lawsuit before he filed his complaint, see Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (inmate must exhaust before filing suit, or dismissal is mandatory). Although Maddix contends that defendants thwarted his attempts to exhaust these claims, the record does not support his contention. See Sergent v. Norris, 330 F.3d 1084, 1085-86 (8th Cir. 2003) (per curiam) (finding no evidence in record that inmate was prevented from effectively utilizing grievance procedures).

Accordingly, we affirm. See 8th Cir. R. 47B. However, we modify the dismissal to clarify that it is without prejudice. See Calico Trailer Mfg. Co. v. Ins. Co. of N. Am., 155 F.3d 976, 978 (8th Cir. 1998).

———————

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

-2-