# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3754

_____

Roy Wallace,                                    *
                                                *
            Appellant,                          *
                                                *   Appeal from the United States
      v.                                        *   District Court for the Eastern
                                                *   District of Arkansas.
Correctional Medical Services; Mark             *
Morehead, Health Services                       *   [UNPUBLISHED]
Administrator, East Arkansas                    *
Regional Unit, ADC; Becker, Nurse,              *
East Arkansas Regional Unit; Louis,             *
Nurse, East Arkansas Regional Unit,             *
ADC; Perdue, Nurse, East Arkansas               *
Regional Unit, ADC; Greg Harmon,                *
Warden, East Arkansas Regional Unit,            *
ADC; Wendy Kelly, Deputy Director               *
of Medical Services, Arkansas                   *
Department of Correction,                       *
                                                *
            Appellees.                          *

_____

Submitted: May 19, 2009
Filed: June 9, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Roy Wallace appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action, wherein he complained that he did not receive daily accu-checks to monitor his diabetes from September 2006 through January 2007, and that at some point he was without his oral diabetes medication. Defendants argued, among other things, that these claims had not been administratively exhausted. The district court granted summary judgment for defendants on the merits, and this appeal followed.

Upon de novo review, see Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008), we conclude that the foregoing claims were not fully exhausted, and thus the lawsuit should have been dismissed for lack of administrative exhaustion. See Jones v. Bock, 549 U.S. 199, 211, 219-20 (2007) (unexhausted claims cannot be brought in court or considered); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (inmate must exhaust available administrative remedies before filing suit; otherwise dismissal is mandatory).

Specifically, defendants introduced unrebutted evidence that, as of July 2007, Wallace's only exhausted medical grievance addressed a period of sixteen days in August 2006 when he did not receive daily accu-checks. See Jones, 549 U.S. at 204 (exhaustion permits prison officials to resolve disputes concerning their responsibilities before being brought into court).

Accordingly, we affirm the grant of summary judgment on the basis of lack of administrative exhaustion, see Christoffersen v. Yellow Book USA, 536 F.3d 947, 949 (8th Cir. 2008), and we modify the dismissal to be without prejudice, cf. Calico Trailer Mfg. Co. v. Ins. Co. of N. Am., 155 F.3d 976, 978 (8th Cir. 1998) (in diversity worker's compensation matter, affirming dismissal for failure to exhaust

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

administrative remedies, but--"[c]onsistent with exhaustion principles"--modifying dismissal to be without prejudice).[2]

_____

[2]In resisting summary judgment below, Wallace indicated that the alleged problems with treating his diabetes were ongoing.  He should remain mindful of the requirement to exhaust fully any future complaints regarding his medical care before filing suit in federal court.