# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1891

_____

Sylvester Barbee,

           Appellant,

    v.

Correctional Medical Services; Jan
Alexander, Medical Director,
Diagnostic Unit, ADC; Nnamdi
Ifediora, Dr., Diagnostic Unit, ADC;
James Blackmon, Dr., Cummins Unit,
ADC; Does, John, Doctor, or Jane,
Nurse, Correctional Medical
Services,

           Appellees.

\* Appeal from the United States
\* District Court for the
\* Eastern District of Arkansas.

\* [UNPUBLISHED]

_____

Submitted: August 18, 2010
Filed: August 23, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

In these consolidated cases filed by Sylvester Barbee, the district court granted summary judgment to defendants Jan Alexander, Nnamdi Ifediora, and James Blackmon, and dismissed the claims against them with prejudice; and also dismissed with prejudice, under 28 U.S.C. § 1915A, a separate amended complaint against the

remaining defendants for failure to state a claim for relief. Barbee appeals. We affirm in part, and vacate and remand in part.

We agree with the district court that the separate amended complaint was properly dismissed for failure to state a claim. See Cooper v. Schriro, 189 F.3d 781 783 (8th Cir. 1999) (per curiam) (de novo review). However, as to the grant of summary judgment, see Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1118 (8th Cir. 2007) (standard of review), we conclude that the district court should not have reached the merits of Barbee's claims against defendants Alexander, Ifediora, and Blackmon, who raised as an affirmative defense that Barbee failed to exhaust his administrative remedies. See 28 U.S.C. § 1997e(a) (no action may be brought with respect to prison conditions by prisoner confined in correctional facility until such administrative remedies as are available are exhausted). The district court found, and we agree, that the record supported this affirmative defense. Once the court determined that the claims were unexhausted, it was required to dismiss them without prejudice. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (if exhaustion was not completed at time of filing suit, dismissal is mandatory); Lyon v. Vande Krol, 305 F.3d 806, 807, 809 (8th Cir. 2002) (en banc) (although case went to trial, dismissal of complaint was required because inmate failed to exhaust administrative remedies and defendants did not waive defense).

Accordingly, we affirm the dismissal of the amended complaint, see 8th Cir. R. 47B, but we vacate the grant of summary judgment to defendants Alexander, Ifediora, and Blackmon and remand with instructions to dismiss the claims against these defendants without prejudice for failure to exhaust administrative remedies, see Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (remanding with directions to dismiss complaint without prejudice where record showed failure to exhaust). We also deny Barbee's pending motion.

_____