# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2729

_____

Andre Porter

*Plaintiff - Appellant*

v.

Matt Sturm, MDOC Div Director of Adult Grievances; Lisa Jones, MDOC
Constituate Officer

*Defendant*s

Dave Dormire, Prior Warden at JCCC

*Defendant - Appellee*

Bill Galloway, Assistant Warden at JCCC

*Defendant*

David Webster, Functional Unit Manager

*Defendant - Appellee*

Judy Webster, Classifications Caseworker

*Defendant*

Edward Ruppel, Classifications Caseworker

*Defendant - Appellee*

Paul Gore, Grievance Officer; Leonard Neff, Corrections Officer I; Chris Koster, Missouri Attorney General; Caleb M. Lewis, Assistant Attorney General

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: December 10, 2014
Filed: March 23, 2015

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Andre Porter, an inmate, sued officials of the Missouri Department of Corrections (MDOC) for retaliation under 42 U.S.C. § 1983. The district court granted them summary judgment after dismissing Porter's claim for failure to exhaust remedies. Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part, and vacates and remands in part.

I.

On December 3, 2009, a guard gave Porter's unit manager a letter found in front of his former cell. The letter, addressed to Governor Jay Nixon with Porter's name on the return address, said it contained anthrax. The manager believed Porter wrote the letter, although he knew that an inmate near Porter's former cell had threatened "to get" Porter, causing Porter's transfer to a different housing unit two weeks earlier. An independent investigation concluded that a different inmate wrote

the letter but recommended a forensic handwriting exam. The manager and warden took no further action.

Three months later, Porter filed an unrelated § 1983 case against the manager, warden, and others. On May 25, 2010, several defendants were dismissed from the case, including the manager and warden. On June 18, the Attorney General (having waived service of process) appeared for the remaining defendant.

Twelve days later, the manager, with the warden's support, wrote a conduct violation against Porter for the anthrax threat despite the investigation's results months earlier. On July 6, a disciplinary hearing found Porter "Guilty." The hearing relied solely on the manager's accusation and did not "consult" the investigation. On July 8, Porter was assigned to administrative segregation.

To contest violations, inmates must follow a three-step grievance process. First, an inmate files an Informal Resolution Request (IRR). If dissatisfied with the response to the IRR, the inmate files a formal grievance. **MDOC Department Manual**, D5-3.2 Offender Grievance, III.L.1 (2009). If dissatisfied with the response to the grievance, the inmate appeals within seven days, or the appeal is "considered abandoned." *Id.* at III.M.1. "After receiving the appeal response, the offender has exhausted the grievance process." *Id.* at III.M.12. "Expiration of the response time limit at any stage of the process shall allow the grievant to move to the next stage of the process." *Id.* at III.K.9 (IRRs); III.L.18 (grievances).

On July 14, Porter filed a timely IRR. According to the Manual, an IRR "should be responded to as soon as practical, but within 40 calendar days of receipt." *Id.* at III.K.6.e. Porter never received a response to the IRR.

On July 20, Porter had a second disciplinary hearing on the anthrax charge. This time, he was found "Not Guilty" with a recommendation to dismiss and expunge

-3-

his violation.  On August 5, the warden overruled the recommendation, reinstating his administrative segregation.

On August 25, still in segregation, Porter submitted a timely grievance.  Porter claimed that the warden violated his due process rights in retaliation for his unrelated § 1983 case.  According to the Manual:  "The superintendent/designee should respond to offender grievances within 40 calendar days of receipt."  *Id.* at III.L.9.e.

On October 19, over 40 days after the response was due, Porter requested an appeal form.  The next day, he received a letter from the MDOC notifying him that the "investigation regarding this matter is complete, and evidence was not found to implicate you in this matter.  You were not issued a conduct violation either."  The letter also stated, "While I am unsure why you are pursuing appeal of this matter, which has been resolved in your favor, I do note your grievance . . . is pending final response at the grievance level.  Please remain patient as that review is completed."  Porter received the appeal form on October 29, ten days after requesting it.  On November 4, still in segregation, Porter appealed the MDOC's lack of a "final response" to his grievance.[1]  Porter was not released from segregation until he served the five-month punishment for the violation.

On October 27, 2011—more than 14 months after Porter filed his grievance form—the new warden finally responded to the grievance in a separate memo.  The response confirmed the dismissal and expungement of the violation and apologized

---

[1]The November 2010 appeal should have been resolved within 100 days, but Porter's officer never filed the appeal.  *See id.* at III.M.6 ("An appeal response should be provided as soon as practical, but within 100 calendar days of receipt.").  On April 6, 2011, after learning that his appeal was never filed, Porter wrote the MDOC to notify them of the appeal, stressing that his violation had not yet been resolved or expunged.  On October 5, he sent a similar letter to the Governor (which was referred to the MDOC).

for the delay. On November 2, Porter signed his grievance form, checking the box, "I Accept this Decision" (and did not check "I Appeal this Decision"). He never received a response to his November 2010 appeal, and he never appealed the warden's October 2011 final response.

On November 23, Porter filed pro se this § 1983 case, alleging that the conduct violation was unlawful retaliation for his unrelated § 1983 case, violating his due process rights. The district court dismissed the claim for failure to exhaust remedies and granted summary judgment for the defendants.

II.

This court reviews de novo a grant of summary judgment, viewing facts most favorably to the nonmovant. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact." **Fed. R. Civ. P. 56(a)**.

An inmate must exhaust all available administrative remedies before bringing a § 1983 suit. **42 U.S.C. § 1997e(a)**; *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). Available remedies are "capable of use for the accomplishment of a purpose: immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (finding exhaustion does not require use of "*all*" remedies). An inmate satisfies § 1997e(a) by pursuing "the prison grievance process to its final stage" to "an adverse decision on the merits." *Burns*, 752 F.3d at 1141. It does not matter that the inmate "subjectively believed that there was no point in his pursuing administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (en banc). Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 211-12.

The question here is: "Was there a procedure available?" *See Lyon*, 305 F.3d at 809. The remedies available to Porter were the IRR, the formal grievance, and the appeal from that grievance. To exhaust all available remedies, Porter needed to appeal from the warden's October 2011 grievance response, even if he believed an appeal would be ineffective. *See id.* Instead of choosing "I Appeal this Decision," he chose "I Accept this Decision," abandoning his claim.

Porter argues that his November 2010 appeal exhausted his remedies. However, that appeal addressed only the MDOC's refusal to provide a final response and is not an appeal from an "adverse grievance decision." This court need not decide whether Porter's remedies were effectively exhausted in the period between his November 2010 appeal and the warden's October 2011 final response, since Porter did not file this suit during that year.

Porter also argues that since the response was in a memo separate from the grievance form, there was no "decision" on the form for him to accept. This argument has no merit—Porter had the opportunity to appeal the alleged technical error. In *Burn*s, the plaintiff did not exhaust his remedies because he had not requested review of his distinct § 1983 claims before asserting them in federal court. *Burns*, 752 F.3d at 1141. Similarly, Porter did not request review of any issue in the grievance response before asserting his § 1983 claim. Thus, Porter accepted the final response and did not pursue the MDOC's grievance process to its final stage.

Porter seems to claim he is excused from exhausting remedies because prison officials withheld grievance procedures. Inmates are excused from exhausting remedies "when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). "[A] remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a) . . . ." *Miller*, 247 F.3d at 740 (second alteration in original) (finding

remedies not "available" where prison officials failed to respond to inmate's requests for grievance forms). *See also* **Sergent v. Norris**, 330 F.3d 1084, 1085-86 (8th Cir. 2003) (per curiam) (finding prison official's failure to timely respond to grievance could show inmate had exhausted "available" remedies); **Foulk v. Charrier**, 262 F.3d 687, 697-98 (8th Cir. 2001) (finding inmate may have exhausted remedies when MDOC prison officials refused to respond to IRR).

The delays in responding to Porter are apparently unjustified. However, they did not prevent him from utilizing grievance procedures, and the officials' non-compliance did not cause remedies to be unavailable. Unlike the plaintiffs in *Miller* and *Foulk*, Porter was able to file a grievance and eventually receive a response (despite the MDOC's failure to respond to his IRR and his appeal while his grievance was pending). *Cf. **Miller***, 247 F.3d at 740; **Foulk**, 262 F.3d at 697-98. Porter does not allege he tried to appeal when he accepted the decision, that prison officials prevented him from appealing, or that they told him any remedies were unavailable. *See **Sergent***, 330 F.3d at 1086 (finding that, although grievance resolution was untimely, inmate was not "prevented from effectively utilizing grievance procedures" because he received a response and was able to appeal). Aware of the grievance procedure, he freely chose not to pursue the final stage after he received his resolution.

Porter did not exhaust his remedies in accordance with 42 U.S.C. § 1997e(a). Dismissal without prejudice is mandatory. **Hammett v. Cofield**, 681 F.3d 945, 949 (8th Cir. 2012) (per curiam) (affirming, in part, dismissal without prejudice for § 1997e(a) failure to exhaust); **Washington v. Uner**, 273 Fed. Appx. 575, 577 (8th Cir. 2008) (per curiam) (modifying district court's dismissal to clarify that § 1997e(a) failure to exhaust is dismissed without prejudice); **Maddix v. Crawford**, 216 Fed. Appx. 605, 606 (8th Cir. 2007) (per curiam) (same).

This court need not review Porter's case on the merits or opine on the summary judgment.[2]  *See* **Jones**, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); **Lyon**, 305 F.3d at 809 (holding an inmate "must first have exhausted his administrative remedies pursuant to the grievance procedure of the prison before his civil rights complaint could proceed"); **Barbee v. Corr. Med. Servs.**, 394 Fed. Appx. 337, 337 (8th Cir. 2010) (per curiam) (affirming dismissal without prejudice but vacating grant of summary judgment).

\* \* \* \* \* \* \*

The dismissal is affirmed, summary judgment vacated, and the case remanded with directions to dismiss without prejudice.

_____

---

[2]After oral arguments on appeal, Porter filed a pro se motion for preliminary injunction and temporary restraining order.  In light of this opinion, his motion is denied.