# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-1721

_____

Steven L. Pinder

*Plaintiff - Appellant*

v.

Alva Green McDowell, Health Services Administrator, Tucker MSU; Dotson,
Director of Nursing; Sonya Davis-Peppers, Doctor; Jacqueline Carswell, Nurse
Practitioner; Boston, Nurse; Horner, Nurse; Jane Doe, Nurse; Floss, Doctor and
Regional Supervisor; Roy Griffin, Assistant Director, ADC; John Doe, Chief
Executive Officer, Correct Care Services; Correct Care Services; Maxor Pharmacy;
Hamilton, Nurse; William Straughn, Warden

*Defendants - Appellees*

_____

No. 15-2033

_____

Steven L. Pinder

*Plaintiff - Appellant*

v.

Alva Green McDowell, Health Services Administrator, Tucker MSU; Dotson,
Director of Nursing; Sonya Davis-Peppers, Doctor; Jacqueline Carswell, Nurse
Practitioner; Boston, Nurse; Horner, Nurse; Jane Doe, Nurse; Floss, Doctor and
Regional Supervisor; Roy Griffin, Assistant Director, ADC; John Doe, Chief
Executive Officer, Correct Care Services; Correct Care Services; Maxor Pharmacy;
Hamilton, Nurse; William Straughn, Warden

*Defendants - Appellees*

_____

Appeals from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: September 24, 2015
Filed: October 29, 2015
[Unpublished]
_____

Before WOLLMAN, LOKEN, and BYE, Circuit Judges.
_____

PER CURIAM.

In these consolidated cases, Arkansas inmate Steven Pinder appeals the district court's order revoking his in forma pauperis (IFP) status in this 42 U.S.C. § 1983 action based on its finding that he was three-strikes-barred (No. 15-1721), and the court's later order dismissing his complaint without prejudice for failure to pay the filing fee (No. 15-2033). We grant Pinder leave to proceed IFP, vacate the district court's orders, and remand the matter for further proceedings.

Pinder, an inmate in the Arkansas Department of Correction (ADC) at Tucker, sought leave to proceed IFP to file this pro se section 1983 action alleging that defendants were deliberately indifferent to his medical needs. Specifically, defendants did not take him to ophthalmologist appointments and did not provide him glaucoma medication; did not allow him to see a throat doctor although their policy of crushing and covering his butalbital medication (for migraines) in water damaged his esophagus; and discontinued his butalbital in retaliation for his filing grievances. Although the magistrate initially granted leave to proceed IFP, the district court vacated his IFP status after finding that he was three-strikes-barred under 28 U.S.C. § 1915(g), and that he was not in imminent danger of serious physical injury. Pinder

-2-

argues on appeal that he is in imminent danger of blindness and damage to his esophagus.

Upon careful review of the record, we agree with the district court that Pinder had acquired three qualifying "strikes" under section 1915(g) when he initiated the instant action. See 28 U.S.C. § 1915(g); Owens v. Isaac, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam) (reviewing de novo the district court's interpretation and application of § 1915(g)). We conclude, however, that Pinder has adequately alleged imminent danger. He states that defendants' actions caused him to lose 50% of his field of vision in his right eye and 15% of his field of vision in his left eye at the time he filed his appeal, and we note that defendants' submission that Pinder had 20/20 and 20/25 vision does not contradict his claim that he suffered loss in his field of vision. He asserts that he has continued to miss medication doses, which creates a risk of blindness. Pinder further alleges that due to the crushed medication policy, he must choose between debilitating migraines and possible damage to the esophagus leading to an inability to eat. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (requisite imminent danger must exist when complaint and appeal were filed; exception requires specific fact allegations of ongoing serious physical injury, or pattern of misconduct evidencing likelihood of imminent serious physical injury); cf. McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir. 2002) (imminent-danger exception applied where inmate alleged that five tooth extractions had been delayed in past and that delay of two more tooth extractions was causing spreading mouth infection). Therefore, we grant leave to proceed IFP on appeal.

We also conclude that, based on Pinder's allegations, the district court erred in revoking IFP status and dismissing the complaint. Accordingly, we vacate the district court's orders and remand for review of the merits of the entire amended complaint.

_____