# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1797
_____

Charles Benjamin

*Plaintiff - Appellant*

v.

Ward County

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of North Dakota - Bismarck
_____

Submitted: December 23, 2015
Filed: January 28, 2016
[Unpublished]
_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Charles Benjamin appeals the district court's adverse grant of summary judgment on his Fourteenth Amendment claims against Ward County, North Dakota, arising out of his pretrial detention in the Ward County Jail. We note that Ward County asserted as an affirmative defense that Benjamin failed to exhaust his administrative remedies, and--upon careful de novo review, see

King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir. 2010)--we conclude that the district court erred by proceeding to the merits of Benjamin's claims without first determining whether he had exhausted administrative remedies that were available, see 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Jones v. Bock, 549 U.S. 199, 219–20 (2007) ("There is no question that exhaustion is mandatory under [§ 1997e(a)] and that unexhausted claims cannot be brought in court."); Chelette v. Harris, 229 F.3d 684, 686–88 (8th Cir. 2000) (once defendant raises failure to exhaust as affirmative defense under § 1997e(a), district court is obligated to determine whether plaintiff exhausted administrative remedies); see also Hallstrom v. Tillamook Cty., 493 U.S. 20, 31 (1989) (where Congress sets forth mandatory conditions precedent to commencing suit, district courts lack discretion to disregard them). While we recognize the inefficiency of remanding a case already resolved on the merits for an evidentiary hearing on exhaustion, we are bound by our precedent to do so. See Lyon v. Vande Krol, 305 F.3d 806, 807, 809 (8th Cir. 2002) (en banc) (holding that dismissal under § 1997e(a) was required even though case had gone to trial as inmate failed to exhaust administrative remedies); Porter v. Sturm, 781 F.3d 448, 452–53 (8th Cir. 2015); Chelette, 229 F.3d at 688; Barbee v. Corr. Med. Servs., 394 F. App'x 337, 338 (8th Cir. 2010) (unpublished per curiam); Wallace v. Corr. Med. Servs., 335 F. App'x 662, 662 (8th Cir. 2009) (unpublished per curiam). But cf. Fluker v. Cty. of Kankakee, 741 F.3d 787, 791–94 (7th Cir. 2013) (holding that a district court may resolve the merits after making a determination on exhaustion); Thorson v. Epps, 701 F.3d 444, 445–46 (5th Cir. 2012) (affirming determination on the merits despite plaintiff having failed to exhaust administrative remedies); Ramos v. Patnaude, 640 F.3d 485, 488–89 (1st Cir. 2011) (Souter, J.) (proceeding to bypass exhaustion and consider district court's merits decision "for economy of disposition").

Accordingly, we vacate the judgment, and remand this case to the district court with instructions to determine, in the first instance, whether Benjamin exhausted available administrative remedies, as required by section 1997e(a).  See Schweiss v. Chrysler Motors Corp., 922 F.2d 473, 476 (8th Cir. 1990) (noting benefit of having district court address disputed factual issues in first instance).

_____