# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1514

_____

Steven L. Pinder

*Plaintiff - Appellant*

v.

Alva Green McDowell, Health Services Administrator, Tucker MSU; Dotson,
Director of Nursing; Sonya Davis-Peppers, Doctor; Jacqueline Carswell, Nurse
Practitioner; Boston, Nurse; Horner, Nurse

*Defendants - Appellees*

Jane Doe, Nurse

*Defendant*

Floss, Doctor and Regional Supervisor; Roy Griffin, Assistant Director, ADC;
Jorge Dominicis, Chief Executive Officer, Correct Care Services (originally
named as John Doe and then Jorge Domenicis); Correct Care Services; Maxor
Pharmacy; Hamilton, Nurse; William Straughn, Warden

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: October 17, 2017
Filed: March 13, 2018
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Steven L. Pinder appeals from the final judgment entered in his 42 U.S.C. § 1983 action. We affirm in part, and vacate and remand in part.

In an earlier manifestation of this case we agreed with the district court that Pender had acquired three qualifying strikes under 28 U.S.C. § 1915(g) at the time he initiated his action, but concluded, contrary to the district court's finding, that he had adequately alleged imminent danger. Accordingly, we reinstated Pinder's in forma pauperis status and remanded the case to the district court "for review of the merits of the entire amended complaint." Pinder v. McDowell, 619 Fed. Appx. 565, 566-67 (8th Cir. 2015).

On remand, the district court dismissed without prejudice Pinder's claims against defendants Alva Green McDowell, Dotson, Sonya Davis-Peppers, Jacqueline Carswell, Boston, Horner, Floss, Jorge Dominicis, Correct Care Services, and Hamilton (Medical defendants) as a sanction, after Pinder failed to complete a HIPAA-compliant medical authorization, even after being directed to do so by the district court. We conclude that the district court did not abuse its discretion in dismissing the claims as a discovery sanction in light of Pinder's repeated refusal to complete and sign an authorization form defendants had provided him despite the court's order. Moreover, the two signed handwritten authorizations that Pinder instead produced were drafted in such a way as to indicate that he had signed them under duress and did not actually intend that his medical providers honor them. They also placed limits on the dates and content of the records his medical providers could release, thus preventing defendants from discovering possibly relevant information. See Comstock v. UPS Ground Freight, Inc., 775 F.3d 990, 992 (8th Cir. 2014) (standard of review and relevant considerations for dismissal as discovery sanction).

-2-

In retrospect, our directions on remand should have spelled out what we apparently assumed was implicit therein, i.e., the need to address any affirmative defenses that remaining defendants Roy Griffin, William Straughn, and Maxor Pharmacy might raise that Pinder had failed to exhaust his available administrative remedies with respect to the claims alleged against them.

The district court ruled against Pinder on the merits of the claims against those defendants rather than by first addressing and ruling upon the non-exhaustion affirmative defenses which they had in fact raised, as required by 42 U.S.C. § 1997e(a) and our holdings in, e.g., Porter v. Sturm, 781 F.3d 448, 451 (8th Cir. 2015), and Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000). See also Benjamin v. Ward County, 632 Fed. Appx. 301 (8th Cir. 2016) Accordingly, circuit precedent requires us to vacate that portion of the district court's judgment and remand the case for a ruling on those individually claimed defenses. Cf. Lyon v. Vande Krol, 305 F.3d 806, 806-09 (8th Cir. 2002) (en banc) (holding that dismissal under 42 U.S.C. § 1997e(a) was required, even though case had gone to trial, as inmate had failed to exhaust administrative remedies).

The dismissal without prejudice of the claims against the Medical defendants is affirmed. The judgment in favor of defendants Griffin, Straughn, and Maxor Pharmacy is vacated. The claims against them are remanded to the district court with instructions to determine whether Pinder has exhausted his available administrative remedies on those claims. See Schweiss v. Chrysler Motors Corp., 922 F.2d 473, 476 (8th Cir. 1990) (noting benefit of having district court address disputed factual issues in first instance). We deny as moot Pinder's pending motion to strike.

_____