# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4404

_____

Arthur Lee English

*Plaintiff - Appellant*

v.

Jim Payne, Security Director; Shawn Howard; Robert Riddle; Tiffany Vrba; Michael James Agema; David Smith

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 8, 2017
Filed: April 30, 2018
[Unpublished]

_____

Before SHEPHERD, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Iowa inmate Arthur English alleges that various Iowa Department of Corrections officials (IDOC defendants) failed to protect him from Michael Agema, another inmate who was a known sexual predator; failed to provide him adequate medical care; discriminated and retaliated against him; and

conspired with each other and Agema to violate his civil rights. The district court dismissed the claims against Agema for failure to state a claim, and granted summary judgment in favor of the IDOC defendants based on English's failure to exhaust administrative remedies. We agree with the district court that English failed to state any viable claims against Agema. See Kelly v. City of Omaha, Neb., 813 F.3d 1070, 1075 (8th Cir. 2016).

Upon de novo review, however, we conclude that summary judgment was improperly granted on English's claims against the IDOC defendants because those defendants did not establish that he failed to exhaust "such administrative remedies as [were] available" to him. See 42 U.S.C. § 1997e(a); Porter v. Sturm, 781 F.3d 448, 451 (8th Cir. 2015) ("Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion."); Foulk v. Charrier, 262 F.3d 687, 697–98 (8th Cir. 2001) (defendants' burden includes showing that remedies were available). With their summary judgment motion, the IDOC defendants submitted a copy of the IDOC grievance policy and a certified record of English's grievance history. As relevant, English's grievance record shows that, in the weeks leading up to his filing of this lawsuit, he submitted grievances relating to "Staff Behavior/Action," "Medical-Care," "Legal," and "Privileges"; and that those grievances were "Not Processed." Under the IDOC grievance policy, "Not Processed" is a designation for grievances that include insufficient information, are incomplete, or for which the inmate did not attempt informal resolution. The policy does not allow administrative appeals from a "Not Processed" designation; instead, it directs the inmate to complete and resubmit the grievance.

In response to the summary judgment motion, English submitted an affidavit in which he attested that he had "repeatedly filed grievances addressing all of these issues" and that those grievances had been "not-addressed, denied or determined to be non-grievable." The record does not include English's grievances, and there is no other evidence showing they contained insufficient information, were incomplete, or

were submitted before he attempted informal resolution. Viewing English's averment in the light most favorable to him and given the absence of the grievances from the record, we conclude that the IDOC defendants have not established that the grievance policy was "available" to English to the extent his grievances were designated as "Not Processed." See Porter, 781 F.3d at 451; Foulk, 262 F.3d at 697–98 (inmate may have exhausted remedies when prison officials failed to respond to his informal resolution request). Moreover, the IDOC defendants have not shown that the IDOC grievance policy was available to English for a second reason specific to his failure-to-protect claim: by its own terms, the policy excludes allegations of inmate-on-inmate sexual abuse from its scope. See Ross v. Blake, 136 S. Ct. 1850, 1860–62 (2016) (a grievance policy may not be "available" to the extent an entire category of claims is excluded from its scope).

Accordingly, the judgment is affirmed as to the dismissal of English's claims against Agema, and reversed as to the grant of summary judgment on his claims against the IDOC defendants. The case is remanded to the district court for further proceedings.

SHEPHERD, Circuit Judge, concurring in part and dissenting in part.

I agree that English failed to state a claim against Agema. I also agree that the IDOC defendants did not show that the IDOC grievance policy was available to English for his failure-to-protect claim.

I disagree, however, with the conclusion that the IDOC defendants failed to meet their burden of showing that administrative remedies were available to English for his other claims. It was undisputed that English "repeatedly filed grievances addressing all of these issues." It was also undisputed that all of his grievances were administratively addressed in some manner, that some were deemed incomplete, that the IDOC policy provided that he could have "completed properly and resubmitted"

the grievances deemed incomplete, and that he did not attempt to resubmit the grievances deemed incomplete. Under these circumstances, I would conclude that English did not make a sufficient showing that the IDOC defendants prevented him from exhausting his administrative remedies. See Hammett v. Cofield, 681 F.3d 945, 948 (8th Cir. 2012) (per curiam) (in case where it was conceded that two of plaintiff's claims were not fully exhausted, and he appeared to argue on appeal that administrative remedies were not available to him, plaintiff did not make sufficient showing that prison officials prevented him from exhausting his administrative remedies); cf. Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005) (affirming grant of summary judgment based on failure to exhaust administrative remedies; noting that plaintiffs "presented no evidence that any prison official thwarted an attempt to initiate the procedures or that any official made it impossible for them to file grievances").

Accordingly, I would affirm the district court's grant of summary judgment as to all of English's claims against the IDOC defendants, except for his failure-to-protect claim.

_____