# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-3218

———————————————

Michael Tee Stokes, Sr.

*Plaintiff - Appellant*

v.

Scott White; Kearney County, Nebraska

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

——————————

Submitted: September 4, 2018
Filed: September 17, 2018
[Unpublished]

——————————

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Nebraska inmate Michael Stokes appeals the district court's grant of summary judgment dismissing his *pro se* 42 U.S.C. § 1983 claims against Kearney County, Nebraska, and County Sheriff Scott White. Stokes alleges that White was deliberately indifferent to Stokes's serious medical needs and treated him differently due to his race by ignoring repeated requests for medical attention to treat Stokes's back pain

from May 2014 through January 2015, when Stokes was incarcerated at the Kearney County jail. The district court dismissed the claims without prejudice based on Stokes's failure to exhaust "such administrative remedies as are available," as the Prison Litigation Reform Act required. 42 U.S.C. § 1997e(a); see Ross v. Blake, 136 S. Ct. 1850, 1856 (2016). We review the court's interpretation of § 1997e(a) *de novo*. See King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir. 2010).

Stokes's Amended Complaint generally alleged that his repeated requests and grievances seeking an MRI and treatment for his worsening back pain were ignored. In support of their motion for summary judgment, defendants submitted the County's Inmate Handbook describing the jail's grievance procedures, a signed booking form in which Stokes acknowledged receipt of the handbook, and the entire file of all Inmate Request Forms and grievances submitted by Stokes while detained at the jail. The file showed eight written forms submitted by Stokes. Two grievances related to his back pain. A June 2014 grievance requested an MRI; in the "action taken" section of the form, a deputy sheriff responded that Stokes should request pain medication and "[p]ossible clinic visit if problem persists." In an August 2014 grievance, Stokes requested a bottom bunk due to his back; the jail responded that he was authorized to move to the bottom bunk.

Stokes attached as an exhibit to his Amended Complaint a copy of an Inmate Request Form that was not in the "entire file" submitted by the County. The document bears a corrected date of January 5, 2015, and appears to be signed by Stokes. The handwritten portion requests "medical attention," but its substance is otherwise illegible. The "action taken to respond" section is blank. In opposing summary judgment, Stokes filed an Affidavit declaring:

> Defendant claims . . . plaintiff only submitted two Inmate Request Forms regarding his back pain; When in fact Plaintiff has already shown a third Inmate Request Form in his amended complaint page No. :20 and

plaintiff filed over dozens more defendant has failed to produce as requested in plaintiffs' request for production of documents.

Stokes did not recite the substance of the purported January 2015 request in either the Amended Complaint or the summary judgment declaration.

In granting summary judgment, the district court dismissed the claim alleging race discrimination for failure to exhaust because Stokes did not show that he submitted any grievance raising that issue. As failure to exhaust is mandatory, we agree. See Woodford v. Ngo, 548 U.S. 81, 85 (2006). The court rejected Stokes's contention that the Kearney County jail grievance procedures were not "available" within the meaning of 42 U.S.C. § 1997e(a) because Stokes signed a booking form stating that he received an Inmate Handbook outlining the grievance procedures, and he filed eight grievances that were promptly handled during his detention at the jail. Again, we agree. The court then ruled that Stokes failed to exhaust the June and August 2014 grievances relating to his back pain because he did not appeal the supervisor's response, as the grievance procedures required. Again, we agree. See Porter v. Sturm, 781 F.3d 448, 452 (8th Cir. 2015) ("Porter did not request review of any issue in the grievance response before asserting his § 1983 claim. Thus, Porter accepted the final response and did not pursue the . . . grievance process to the final stage.").

Finally, the district court ruled that Stokes failed to properly authenticate the "unreadable" January 2015 Inmate Request Form attached to his Amended Complaint, whereas defendants "presented properly authenticated evidence of Plaintiff's entire file of grievances, of which Plaintiff's purported third grievance is not a part." We review a district court's evidentiary rulings for abuse of discretion. See, e.g., United States v. Needham, 852 F.3d 830, 838 (8th Cir. 2017). We find no abuse of discretion in the district court's ruling that the purported January 2015 Inmate Request Form had not been properly authenticated. Without greater factual detail and authentication, this

illegible document did not establish that Stokes exhausted available grievance procedures while detained at the Kearney County jail.

The judgment of the district court is affirmed.

_____