# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2693

_____

Lorenzo Robertson

*Plaintiff - Appellant*

v.

Ozell Pace, Corporal, Varner Unit, ADC; Ernest Hester, III, Lieutenant, Varner
Unit, ADC; Aviva Smith, Sergeant, Varner Unit, ADC; Jonathan Martin, Captain,
Varner Unit, ADC; Wendy Kelley, Director, ADC; James Gibson, Warden

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: April 1, 2020
Filed: April 9, 2020
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Lorenzo Robertson appeals the district court's[1] dismissal, without prejudice, of his 42 U.S.C. § 1983 action based on his failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). 42 U.S.C. § 1997e(a).

As a preliminary matter, we conclude that the district court did not abuse its broad discretion in denying Robertson's ongoing attempts to lift the stay of discovery while it resolved the exhaustion issue, see Sheets v. Butera, 389 F.3d 772, 780 (8th Cir. 2004) (explaining that rulings on discovery matters are reviewed under very deferential gross abuse of discretion standard); see also Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008) (concluding that a case should not proceed to pretrial discovery until the PLRA exhaustion is resolved by the district court judge); and, contrary to Robertson's assertions, we discern no judicial bias that warranted disqualification or a change in venue, see Am. Prairie Constr. Co. v. Hoich, 560 F.3d 780, 789-90 (8th Cir. 2009) (explaining that a judge is presumed impartial, and the party moving for disqualification has substantial burden of proving otherwise); Dossett v. First State Bank, 399 F.3d 940, 952-53 (8th Cir. 2005) (concluding that adverse rulings, including the failure to permit discovery, "almost never" constitute a valid basis for recusal). We also note that Robertson does not challenge the dismissal of Director Kelley or Warden Gibson. See Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007) (points not meaningfully argued on appeal are waived).

Having carefully reviewed the record and the parties' arguments on appeal, we further conclude that the district court properly granted summary judgment based on Robertson's failure to exhaust his administrative remedies. See Porter v. Sturm, 781 F.3d 448, 451 (8th Cir. 2015) (grant of summary judgment is reviewed de novo,

[1]The Honorable D.P. Marshall, Jr., Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

viewing the record in the light most favorable to nonmovant).  Specifically, we conclude that it was beyond genuine dispute that Robertson did not name Correctional Officer Pace, Lieutenant Hester, Sergeant Smith, or Captain Martin in his grievances and did not otherwise follow the Arkansas Department of Correction's policy and procedures when pursing his grievances, and there is no competent evidence that prison officials thwarted his grievance efforts.  See Woodford v. Ngo, 548 U.S. 81, 90 (2006) (explaining that proper exhaustion demands compliance with a prison's critical procedural rules); Townsend v. Murphy, 898 F.3d 781, 784 (8th Cir. 2018) (concluding that the boundaries of proper PLRA exhaustion are determined by the prison's specific administrative requirements, that a prisoner cannot opt out of all administrative remedies even when some are unavailable, and that a prisoner failed to exhaust his administrative remedies by not naming the relevant prison officials in his grievance).

Accordingly, the motion to appoint counsel is denied, and the judgment is affirmed.  See 8th Cir R. 47B.

_____