# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3490
_____

Shawn Michael Manning

*Plaintiff - Appellant*

v.

C.J. Ryan, Sheriff; Dean Naylor, Captain; Matt McCleary, Lieutenant; Bailey, Sargent; Dahm, Sargent; Jeff Long, Jail Staff; Bishop, Jail Staff; Muscatine County; Unknown Officers, #1-3

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: August 6, 2021
Filed: September 20, 2021
[Published]
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Shawn Manning appeals from the district court's[1] adverse grant of summary judgment based on qualified immunity in this action brought against prison officials under 42 U.S.C. § 1983. While we affirm the decision of the district court for the reasons noted, we write to make clear that prisoners and pretrial detainees have a right to be free from arbitrary or permanent limitations on visits with family members.

Between October 2017 and August 2018, Manning was a pretrial detainee at the Muscatine (Iowa) County Jail ("MCJ"). At the time, Manning had two children between the ages of 11 and 13 years old. In August 2018, Manning filed a pro se complaint against the Muscatine County Sheriff and various MCJ officials and staff claiming the defendants violated his constitutional rights. Specifically, Manning alleged that while detained at MCJ he was denied visitation with his children, due to a blanket policy at MCJ prohibiting pretrial detainees from visitations by minor children.[2] As a result of this policy, Manning had no visitation with his children during his detention at MCJ. Among other things, Manning sought injunctive relief, punitive damages, and an order directing MCJ change its policy.

Defendants moved for summary judgment claiming qualified immunity, arguing that Manning's alleged right to see his children was not clearly established. The district court granted defendants' motion, noting that Manning offered no cases to demonstrate that a reasonable official would have been aware the defendants' conduct under the MCJ policy was unconstitutional. Manning appeals.

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

[2]Manning also raised other claims, but the only meaningful question raised on appeal relates to visitation with his children. See Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007) (points not meaningfully argued on appeal are waived). In his reply brief, Manning abandoned all other issues.

We review the grant of summary judgment on the basis of qualified immunity de novo. Michael v. Trevena, 899 F.3d 528, 531 (8th Cir. 2018). "[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." Id. (quotation omitted). "Clearly established" means that, "at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (cleaned up) (quotation omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Id.

After reviewing the law, we have determined that our case law up to now has not necessarily made clear that the MCJ officials violated Manning's constitutional rights by enforcing the blanket prohibition on visitation with minor children, and so qualified immunity was appropriate to protect the defendants from liability. To that end, we affirm the decision of the district court.

The time is ripe, however, to clearly establish that such behavior may amount to a constitutional violation in the future. In Turner v. Safley, a case involving inmate marriage, the Supreme Court held that prisoners retain a limited constitutional right to intimate association, and any limitations must be "reasonably related to legitimate penological interests." 482 U.S. 78, 89, 95-96 (1987). Years later, in Overton v. Bazzetta, the Supreme Court explained that, consistent with Turner, limitations on visitation privileges may be unconstitutional if "applied in an arbitrary manner to a particular inmate," but not if imposed "for a limited period as a regular means of effecting prison discipline." 539 U.S. 126, 137 (2003). With those decisions in mind, we join the Seventh Circuit in holding that prison officials who permanently or arbitrarily deny an inmate visits with family members in disregard of the factors described in Turner and Overton have acted in violation of the Constitution. See Easterling v. Thurmer, 880 F.3d 319, 323 (7th Cir. 2018).

Notwithstanding our holding above, in this case it is unclear whether reasonable officials would have known that their conduct was even arguably unlawful. Accordingly, we affirm the decision of the district court.

_____