# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2618
_____

Reginald Tayborn

*Plaintiff - Appellant*

v.

Eric Higgins, Sheriff, Pulaski County; C. Hendrick, Assistant Sheriff, Pulaski County

*Defendant*s

Donzell Lewis, Deputy/Jailer, Pulaski County Jail

*Defendant - Appellee*

Holmes, Deputy/Jailer, Pulaski County Jail

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: May 7, 2025
Filed: May 12, 2025
[Unpublished]

_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Reginald Tayborn appeals following the adverse grant of summary judgment in his 42 U.S.C. § 1983 action. After careful review, we conclude that even assuming Tayborn has sufficiently challenged the district court's[1] determination that he failed to exhaust his administrative remedies before filing this action, the court did not err by concluding he failed to do so. See 42 U.S.C. § 1997e(a) (exhaustion requirement); Manning v. Ryan, 13 F.4th 705, 707 n.2 (8th Cir. 2021) (per curiam) (indicating that points not meaningfully argued on appeal are waived); see also Porter v. Sturm, 781 F.3d 448, 451 (8th Cir. 2015) (reviewing grant of summary judgment de novo); Muhammad v. Mayfield, 933 F.3d 993, 997-98, 1003 (8th Cir. 2019) (concluding that inmate did not exhaust administrative remedies when he failed to appeal grievances according to grievance procedure). We further conclude that the court did not abuse its discretion by denying his post-judgment motion for relief. See Wagstaff & Cartmell, LLP v. Lewis, 40 F.4th 830, 842-43 (8th Cir. 2022) (explaining the standard of review).

Accordingly, we affirm the judgment, deny Tayborn's motion for appointment of counsel, and deny as moot his motion to proceed with trial. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).