# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3225
_____

Adolfo Gutierrez Avila, Jr.

*Plaintiff - Appellant*

v.

Ryan Bellefy, Being sued in his individual capacity

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: July 28, 2025
Filed: August 5, 2025
[Unpublished]
_____

Before ERICKSON, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Minnesota inmate Adolfo Avila, Jr. appeals following the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action alleging

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable David T. Schultz, United States Magistrate Judge for the District of Minnesota.

excessive force by a corrections officer. Upon careful de novo review, we affirm the finding that he failed to exhaust his available administrative remedies before filing suit. See 42 U.S.C. § 1997e(a) (prisoner may not bring action with respect to prison conditions under federal law until he has exhausted available administrative remedies); Smith v. Andrews, 75 F.4th 805, 808 (8th Cir. 2023) (standard of review). We agree with the district court that there was no genuine issue of material fact as to whether the grievance procedure was available to Avila despite his transfer to another prison. See Ross v. Blake, 578 U.S. 632, 642-44 (2016) (grievance procedure may be unavailable if officials are unable or consistently unwilling to provide any relief to inmates, if it is so opaque that it is practically incapable of use by ordinary prisoners, or if administrators thwart inmates from using process through machination, misrepresentation, or intimidation). We find that the district court did not abuse its discretion in denying Avila's Federal Rule of Civil Procedure 59(e) motion, see Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (standard of review); and we lack jurisdiction to review the magistrate judge's grant of the defendant's motion for a stay of discovery pending summary judgment on the exhaustion issue, see McDonald v. City of Saint Paul, 679 F.3d 698, 709 (8th Cir. 2012) (appellate court could not review appellant's challenge to magistrate judge's order denying non-dispositive discovery motion because appellant failed to object to such order before district court).

Accordingly, we affirm, but we modify the dismissal to be without prejudice. See 8th Cir. R. 47B; Porter v. Sturm, 781 F.3d 448, 452 (8th Cir. 2015) (where inmate did not exhaust remedies before filing suit, dismissal without prejudice was mandatory).

_____