# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1912

_____

James Winn King,                                          *
                                                         *
    Plaintiff - Appellant,                               *
                                                         *  Appeal from the United States
v.                                                       *  District Court for the
                                                         *  Southern District of Iowa.
Iowa Department of Corrections, et al.,                  *
                                                         *
    Defendants - Appellees.                              *

_____

Submitted:  January 14, 2010
Filed:  March 26, 2010

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

_____

LOKEN, Chief Judge.

James King, an inmate at the Newton Correctional Facility (NCF), was a member of an inmate crew ordered to clean up effluents after a clogged toilet in one of the cells caused a floor drain in the common area to overflow. He filed multiple inmate grievances as a result of this incident and, some two months later, commenced this action under 42 U.S.C. § 1983 seeking money damages and court-ordered testing for diseases. The district court[1] dismissed the action, concluding that King failed to exhaust "such [prison] remedies as are available." 42 U.S.C. § 1997e(a). King

_____

[1]The HONORABLE JOHN A. JARVEY, United States District Judge for the Southern District of Iowa.

appeals. Reviewing the court's interpretation of § 1997e(a) *de novo*, we affirm. See Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005) (standard of review).

Section 1997e(a), as amended by the Prison Litigation Reform Act of 1996, provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524-25 (2002). Available grievance procedures must be exhausted even if the relief the inmate seeks under § 1983 was not available through those procedures. Booth v. Churner, 532 U.S. 731, 737-41 & n.6 (2001).

NCF follows a mandatory four-step grievance procedure adopted by the State of Iowa Department of Corrections. See Policy No. IO-OR-06. An inmate must first seek to resolve the problem informally. If this fails, the inmate may file an Offender Grievance Complaint on a prescribed form, stating the reason for the grievance and the action requested. A grievance officer investigates the grievance and either replies to the inmate in writing or refers the matter to a grievance committee. An inmate may appeal the Grievance Response by the grievance officer or grievance committee to the warden or superintendent, who must respond within fifteen days and state reasons for his decision. If the inmate remains dissatisfied, he may appeal to the Grievance Appeal Coordinator, who must ensure that there is a response to the appeal from the appropriate source within thirty days. The entire process "will not exceed 103 days unless extensions have been given."

King's first grievance complained that he was required to clean raw sewage for three-and-one-half hours, leaving him with burning eyes and a stomach ache. In the "Action Requested" part of the grievance form, King wrote, "Check Health; Improve

protocol on bio clean up." Three weeks later, a grievance officer issued a Grievance Response stating that King raised "valid issues" regarding training and protective equipment that would be reviewed with the prison's Safety and Health Consultant, and suggesting that King "kite Health Services" if he was experiencing medical issues. That same day, King filed a second grievance complaining that he was not trained and should not have been ordered to perform "Bio hazard clean up." The action King requested was, "to have officers follow blood and body fluid policy on who is trained and who isn't trained." The Grievance Response ten days later stated, "This issue has been turned over to [the Iowa Occupational Safety and Health Bureau] for investigation. NCF will act on IOSHA recommendations."

King did not appeal the grievance officer's responses to his two grievances to the NCF warden, the third step in the prison's grievance process. The district court dismissed the § 1983 complaint because King did not exhaust "such . . . remedies as are available." On appeal, King argues, as he did in the district court, that he exhausted available grievance procedures because NCF's Grievance Responses granted him the relief he requested at the second step in the process. Defendants respond that King failed to exhaust for two distinct reasons, first, because he did not appeal either Grievance Response to the warden, and second, because neither of his grievances requested the damage relief he seeks in this lawsuit.

We agree with defendants' first contention. King's first grievance complained of burning eyes and a stomach ache. The grievance officer responded, "If you are experiencing any medical issues or symptoms you may choose to kite Health Services." The Grievance Response form advised King of his right to appeal, but he did not do so. King's § 1983 complaint requests two types of relief. First, he seeks an order that he be tested for "body fluid" and "blood born[e]" diseases. If this is a new grievance, it is completely unexhausted. If it is relief encompassed by his first grievance, then its denial should have been appealed. In either case, he failed to exhaust this claim.

-3-

Second, King seeks money damages for being put on the clean-up crew. This is relief necessarily encompassed by his two grievances, and not granted by the grievance officer. If King was not satisfied by the grant of relief other than money damages, § 1997e(a) required that he exhaust available prison procedures by appealing to the warden. On this issue, Booth v. Churner is controlling. In that case, the inmate filed a grievance, received non-monetary relief at the first stage of the process, and then sued for money damages. The Supreme Court upheld the dismissal of his complaint for failure to exhaust because he did not administratively appeal the grant of partial relief. 532 U.S. at 739-41.

We decline to consider defendants' alternative argument that King failed to exhaust because his grievances did not request money damages. In Woodford v. Ngo, 548 U.S. 81, 88 (2006), the Supreme Court held that § 1997e(a) requires "proper" exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Where prison grievance procedures clearly require an inmate to state all the relief he seeks, even monetary relief that may be beyond the authority of grievance officials to grant, it is certainly arguable that "proper" exhaustion requires compliance with that rule, even though the opinion in Woodford did not expressly address this issue. Cf. Spruill v. Gillis, 372 F.3d 218, 233-34 (3d Cir. 2003).[2]

---

[2]Some other circuits have held that inmate grievances need not seek, and the inmate need not appeal the denial of, money damages that are not available through the grievance procedures, so long as those procedures are fully exhausted. See Rosa v. Littles, 336 F. App'x. 424, 428-29 (5th Cir. 2009); Thornton v. Snyder, 428 F.3d 690, 695-96 (7th Cir. 2005); Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004); Ross v. County of Bernalillo, 365 F.3d 1181, 1187 (10th Cir. 2004). However, Woodford established that proper exhaustion requires compliance with the prison's procedural rules.

-4-

Here, the NCF grievance and appeal forms ask the grievant to state the "action requested." Is this enough to foreclose a § 1983 lawsuit for relief that the inmate did not expressly seek even though he otherwise fully exhausted the available grievance procedures? "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). As King failed to fully exhaust the available grievance *procedures*, we leave this issue for another day.

The judgment of the district court is affirmed.

_____