# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3327

_____

David Williams,                          *
                                         *
            Appellant,                   *  Appeal from the United States
                                         *  District Court for the Eastern
      v.                                 *  District of Arkansas.
                                         *
Scott Horner, Sgt., Varner Unit, ADC,    *  [UNPUBLISHED]
                                         *
            Appellee.                    *

_____

Submitted: April 13, 2012
Filed: April 17, 2012

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.


      Inmate David Williams appeals the district court's[1] dismissal without prejudice of his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. In his action he raised claims that a correctional officer, Sergeant Scott Horner, retaliated against him for filing grievances by issuing him a false disciplinary and by calling him a snitch within earshot of other inmates.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

This court reviews de novo the district court's interpretation of the Prison Litigation Reform Act's (PLRA's) administrative-exhaustion provision. See King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir. 2010). We conclude that dismissal was proper, because Williams did not show that he administratively exhausted his claims, or that prison officials kept him from exhausting. Williams filed an informal resolution request (IRR) complaining of Horner's retaliatory false disciplinary and retaliatory snitch comment, the first step in the prison's written grievance policy. The IRR was returned to Williams unanswered. Williams thereafter failed to file a timely formal grievance, the next grievance step, even though the grievance policy allowed him to file the grievance if he did so within three days of the designated problem solver's failure to respond to the IRR. See King, 598 F.3d at 1053-54 (inmate must complete administrative exhaustion process in accordance with applicable procedural rules, including deadlines, as precondition to bringing suit in federal court; prison's requirements, not PLRA, define boundaries of proper exhaustion). We agree with the court that Williams's failure to exhaust is not excused due to his misunderstanding of grievance policy on how to proceed following the return of an unanswered IRR, see Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002) (en banc) (PLRA's exhaustion provision does not permit court to consider inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative remedies are available), and we disagree with Williams that the policy failed adequately to apprise him of exhaustion procedures; we also reject his argument that exhaustion is unavailable on claims of retaliatory discipline, because the grievance policy in the record clearly provides otherwise.

The dismissal without prejudice is affirmed.

_____