BLD-212                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1821
_____

RUBEN MENDEZ,
                              Appellant

v.

MARK SULLIVAN; SCHUYKILL COUNTY
PRISON (SYSTEM); SCHUYKILL COUNTY
COMM. OF PA; DAVID WAPINSKY; DEPUTY
WARDEN; JOHN DOE; WARDEN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-11-cv-00287)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 28, 2012

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 17, 2012)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Ruben Valerio Mendez appeals the District Court's order granting

defendants' motion to dismiss, or, in the alternative, for summary judgment, and the

District Court's subsequent order denying appellant's motion to alter or provide relief from the judgment of that order. Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment pursuant to 3d Cir. LAR 27.4 and I.O.P. 10.6.

## I.

The instant case arises from a complaint Mendez filed pursuant to 42 U.S.C. § 1983 against correctional officer Mark Sullivan, the Schuylkill County Prison, and Schuylkill County, Pennsylvania, alleging physical and mental abuse at the hands of Sullivan. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. Instead of responding to this motion, Mendez filed a motion for leave to file an amended complaint, which defendants opposed, and an amended complaint. After denying Mendez's motions for appointment of counsel, the Magistrate Judge recommended that defendants' motion be granted and that Mendez's motion be denied. The Magistrate Judge recommended granting defendants' motion as unopposed, agreeing that documents provided by defendants indicated that Mendez had failed to exhaust administrative remedies, 42 U.S.C. § 1997e. Mendez objected to the Magistrate Judge's recommendations and argued for the first time that he could not exhaust because he speaks only Spanish but the grievance procedure was available only in English; the administrative process was therefore an unavailable remedy. The District Court deferred ruling on the Magistrate Judge's recommendations and gave the parties leave to file briefs concerning the availability of administrative remedies. Both parties did so, and the

2

District Court subsequently overruled Mendez's objections to the Magistrate's recommendations; adopted those recommendations; granted defendant's motion to dismiss or, in the alternative, for summary judgment; and denied as moot Mendez's motion for leave to file an amended complaint. Mendez filed a motion to reconsider and then filed a notice of appeal, which he amended after the District Court denied his motion to reconsider.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the order granting defendants' motion to dismiss or, in the alternative, for summary judgment, is plenary. See Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (motion to dismiss); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment). We review the denial of the motion for reconsideration for abuse of discretion. Long v. Atl. City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012).

## III.

We first consider the District Court's granting of defendants' motion to dismiss or, in the alternative, for summary judgment. We agree with the District Court's disposition: defendants showed there was no genuine dispute as to any material fact with respect to Mendez's failure to exhaust available administrative remedies as required by the PLRA, Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants provided the following in support of their contention that Mendez failed to exhaust administrative remedies. Schuylkill County Prison has implemented a

grievance policy whereby an inmate may file a grievance at any time and may appeal to the warden within ten days if he or she is dissatisfied with the response, and the warden's decision is final. The grievance procedure is posted, in English, in all cell blocks. Mendez filed a grievance. It was denied but he failed to appeal. On the question of whether a language barrier made the grievance process unavailable, defendants showed that the prison handbook is available in Spanish and is distributed upon request to all Spanish-speaking inmates. The prison has at least one inmate fluent in both languages who is trusted to translate and interpret for those Spanish speakers who do not speak or understand English, and if no inmate is available, the prison will arrange for an interpreter through the county's public defender or district attorney's office. Moreover, the prison makes available two counselors to provide assistance to inmates in securing a Spanish interpreter and to assist in explaining the grievance process and in preparing and filing the necessary documents.

In response, Mendez merely asserts that the policy was provided only in English, that he knew of the grievance procedure only because a fellow inmate had told him about it, that he was not told that he could appeal to the warden, and that he would have diligently done so had he known it was necessary. As the District Court noted, he provided nothing in support of his bare assertions. On appeal from an order granting a motion to dismiss or for summary judgment, we view the facts in the light most favorable to the nonmoving party, Brown, 312 F.3d at 112, but the party opposing summary judgment "may not rest upon . . . mere allegations." Saldana v. Kmart Corp., 260 F.3d

4

228, 232. Mendez has failed to establish any dispute of material fact. The defendants were thus entitled to judgment as a matter of law, and the District Court did not abuse its discretion in denying Mendez leave to amend his complaint.

IV.

Nor did the District Court abuse its discretion in denying Mendez's "Motion to Open/Strike Judgement/Amend Judgement for Relief from Judgement and Order," which it reasonably construed as a motion brought under Rules 59(e) (motion for altering or amending a judgment) and 60(b) (motion for relief from a final judgment). Motions under 59(e) are appropriate only to rectify plain errors of law or fact or to offer newly discovered evidence, and they may not be used to relitigate old matters or to raise arguments or present evidence that could have been offered earlier. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances. Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993). Mendez merely repeated arguments previously raised and still failed to establish a dispute of material fact.

V.

Thus finding no substantial question raised by this appeal, we will summarily affirm the judgment of the District Court.