# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 12-2019

———————————————

Fernando Bustillo

*Plaintiff - Appellant*

v.

Harley Lappin; Med. Director Newton Kending; Michael K. Nelley; Marty C.
Anderson; W. Henry; Assoc. Warden Paul Celestin; Jeff E. Krueger; R. King; E.
Gupasin; P. Pearson; S. Stephens; S. Ray; Sissey Albers; S. Robinson; S. Felton; T.
Blunt; C. Dillard; I. Hudson; Kevin Uikes; B. Hutchison; Fred Koss; J. Flowers; E.
Collins; R. Cline; C. Hauek; B. Maples; W. Cantrell; R. Roseti; C. Iqou; B. Owens;
N. Kulatowski; P. K. Ruel; E. Walters; W. Roberts; N. Daniels; Gunther; Lawpe

*Defendants - Appellees*

———————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

———————————

Submitted: May 1, 2013
Filed: May 9, 2013
[Unpublished]

———————————

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

———————————

PER CURIAM.

Federal inmate Fernando Bustillo appeals following the district court's adverse grant of summary judgment in his suit under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Among the matters that Bustillo appeals is the preservice dismissal of his claims concerning personal mail.[1] Bustillo alleged that several defendants had been confiscating and destroying his outgoing personal letters to friends and relatives since May 2009. When the district court severed and dismissed these allegations for failure to state a due process claim for deprivation of personal property, Bustillo moved for reconsideration, clarifying that he had intended to raise a First Amendment claim. The court concluded that Bustillo had not stated a First Amendment claim, however, and directed him to provide additional detail. Bustillo did so, but the court denied reconsideration, finding that he had not provided sufficient detail.

Having conducted de novo review of the preservice dismissal, <u>see</u> <u>Cooper v. Schriro</u>, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), and reviewing for abuse of discretion the decision to deny reconsideration of the dismissal, <u>see</u> <u>Cont'l Holdings, Inc. v. Crown Holdings, Inc.</u>, 672 F.3d 567, 574 (8th Cir. 2012), we conclude that reversal is warranted on this claim. Bustillo's initial complaint allegations–which identified the parties involved, the complained-of conduct, and the relevant time frame–sufficiently stated a First Amendment claim. <u>See</u> <u>Cooper</u>, 189 F.3d at 783 (pro se complaint allegations are construed liberally); <u>Phelps v. U.S. Fed. Gov't</u>, 15 F.3d 735, 739-40 (8th Cir. 1994) (inmate stated claim for interference with personal mail where he alleged that letters sent to him were kept in storage boxes and that he was not notified that letters he wrote were not being mailed and letters he received were not being delivered). Because the initial complaint allegations supported the First Amendment violation that Bustillo stated he was intending to raise, he did not need

---

[1]Contrary to appellees' assertions, this court's affirmance in a previous appeal in this case does not preclude consideration of these claims.

to provide further detail. We thus reverse the district court's orders dismissing this claim and denying reconsideration.

Upon review of the remaining claims at issue before us,[2] which were dismissed for failure to exhaust administrative remedies, see King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir. 2010) (de novo review), or because summary judgment was warranted, see Butler v. Crittenden County, Ark., 708 F.3d 1044, 1048-49 (8th Cir. 2013) (de novo review), we summarily affirm the dismissal of those claims.

Accordingly, the district court's judgment is affirmed on all claims but Bustillo's First Amendment personal-mail claims against the defendants identified in his complaint as the responsible parties. As to those claims, we reverse and remand for further proceedings consistent with this opinion.

_____

[2]Bustillo has abandoned several claims on appeal. See Harris v. Folk Constr. Co., 138 F.3d 365, 366 n.1 (8th Cir. 1998).