# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2934

_____

Brunson Roberts,

*Plaintiff - Appellant,*

v.

Roderick Johnson, individual capacity; Antwon Emsweller; Ricky Webb,
individual capacity; Felicia Piggee, individual capacity; and David Tucker,
individual capacity,

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: June 26, 2014
Filed: July 3, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Arkansas inmate Brunson Roberts appeals following the district court's[1] dismissal of certain defendants, two adverse partial summary judgment decisions, and adverse entry of judgment on a jury verdict. Upon careful review of the record and the parties' arguments on appeal, we find no basis for reversal. First, to the extent Roberts argues that defense counsel violated a limine order, we conclude that there was neither prejudicial error nor denial of a fair trial. See Black v. Shultz, 530 F.3d 702, 706 (8th Cir. 2008) (violation of limine order may only serve as basis for new trial when order is specific in its prohibition and violation is clear; decision to grant new trial is reviewed for clear abuse of discretion; party is entitled to new trial due to limine violation only where violation constitutes prejudicial error or results in denial of fair trial). Second, as to his assertion that he received ineffective assistance of counsel at trial, we note that there is no right to counsel in a civil case. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (no constitutional or statutory right to effective assistance of counsel in civil case; remedy for ineffective assistance of appointed counsel in civil action is legal malpractice suit). Third, we conclude, upon de novo review, that the district court properly disposed of many of Roberts's claims prior to trial. See Rochling v. Dep't of Veterans Affairs, 725 F.3d 927, 937 (8th Cir. 2013) (summary judgment decision is reviewed de novo); King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir. 2010) (dismissal for failure to exhaust administrative remedies is reviewed de novo). Finally, we conclude that Roberts has not shown entitlement to any relief based on his assertion that a transport officer engaged in misconduct during the trial.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable D. P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.