# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2650

_____

Beau Lee DuBois

*Plaintiff - Appellant*

v.

Dr. David Robert Ware, Medical Director, Corizon Medical, Hawkins Unit; Vesta Mullins, Health Service Administrator, Hawkins Unit; Tenille Watts, R.N. Director of Nursing, Corizon Medical; Alushia Robinson, LPN, Sick Call Nurse, Corizon Medical

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 15, 2015
Filed: April 21, 2015
[Unpublished]

_____

Before BYE, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Inmate Beau Lee DuBois appeals following the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. We conclude that the claims against nurse Tenille Watts were properly dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for failure to serve, see Mack v. Dillon, 594 F.3d 620, 622 (per curiam) (plaintiff proceeding in forma pauperis may not remain silent and do nothing after receiving notice of failure to effectuate service; where Rule 4(m) dismissal occurred 170 days after filing of complaint and plaintiff was warned of dismissal should he not serve defendants, there was no abuse of discretion); that the claims against Dr. David Robert Ware and Vesta Mullins were properly dismissed without prejudice for failure to exhaust administrative remedies, see King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052-54 (8th Cir. 2010) (de novo review; level of detail in grievance necessary to comply with procedure varies, but it is prison's requirements, not Prison Litigation Reform Act, that define boundaries of proper exhaustion); and that summary judgment was warranted on the claims against LPN Alushia Robinson, see Peterson v. Kopp, 754 F.3d 594, 598 (8th Cir. 2014) (de novo standard of review); Vaughn v. Gray, 557 F.3d 904, 908 (8th Cir. 2009) (to show that defendant actually knew of, but deliberately disregarded, serious medical need, plaintiff must establish mental state akin to criminal recklessness: disregarding known risk to inmate's health). Finally, the district court acted within its discretion in declining supplemental jurisdiction over, and dismissing without prejudice, any state-law claims. See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over state-law claims if court has dismissed all claims over which it has original jurisdiction). The judgment of the district court is affirmed.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.