# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-3481

_____

Sergio Andrade Martinez

*Plaintiff - Appellant*

v.

Officer Fields; Randall Denzer, the Jail Administrator of the Washington County
Detention Center

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 16, 2015
Filed: October 8, 2015
[Unpublished]

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Sergio Andrade Martinez appeals following the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. As relevant, Martinez sought damages against Washington County Detention Center (WCDC) correctional officer Chris Fields; claiming excessive force, he alleged that

in an April 3, 2012 incident, Fields slammed him against a wall, breaking his shoulder, because he pushed a call button several times, although he did not know his actions were disobedient due to a language barrier. Fields contended that Martinez had not exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA), offering evidence indicating that Martinez had not filed a grievance concerning the encounter; and also that Martinez could not prevail on the merits, offering a two-part DVD recording of the April 3 encounter. After a hearing was held before a magistrate judge to allow Martinez to resist summary judgment, the district court found that Martinez's failure to exhaust was unexcused; and that, based on the video evidence, there was no jury issue on the excessive-force claim. On appeal, Martinez challenges the determination on exhaustion, as well as the alternative determination on the merits. We reverse and remand for further proceedings on the excessive-force claim against Fields in his individual capacity.

We conclude that Fields did not meet his burden of showing that Martinez's failure to exhaust administrative remedies was unexcused. See Porter v. Sturm, 781 F.3d 448, 451 (8th Cir. 2015) (defendants have burden of raising nonexhaustion as affirmative defense and proving nonexhaustion); King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir. 2010) (reviewing de novo district court's interpretation of PLRA's exhaustion requirement); cf. Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36 (8th Cir. 1993) (when evidentiary hearing is held to determine whether pro se inmate's nonfrivolous § 1983 damage claims warrant jury trial, and only inmate/plaintiff presents evidence, inmate's evidence should be believed, all justifiable inferences should be drawn in his favor, and credibility determinations should be avoided). Martinez testified at the hearing through an interpreter that he does not speak or understand English; there were no WCDC rules in Spanish despite the large Hispanic population; at times he did not have access to writing materials after the April 3 encounter; and others told him about the grievance process when it was too late to file a grievance about the incident. Fields offered nothing countering Martinez's testimony, but later offered as evidence many forms Martinez had

submitted after the incident, which were multi-purpose forms allowing inmates to check a box to indicate whether it was a grievance, request, medical matter, or disciplinary appeal. There was no evidence showing that the form was available in Spanish, and the first such form Martinez submitted on which the grievance box was checked was dated in September 2012. While the record before the district court showed that Martinez had access to a writing instrument and that by May he had someone who understood English to help him complete the forms for requests and medical issues, it did not necessarily show he understood that he could use the same form to submit a grievance complaining about the April 3 encounter with Fields. See 42 U.S.C. § 1997e(a) (inmate must exhaust all "available" remedies before bringing § 1983 suit); Porter, 781 F.3d at 452 (remedy prison officials prevent inmate from using is not available remedy); cf. Mendez v. Sullivan, 488 Fed. Appx. 566, 568 (3d Cir. 2012) (unpublished per curiam) (on question whether language barrier made grievance process unavailable, defendants showed that prison handbook is available in Spanish and distributed upon request to all Spanish-speaking inmates; and that prison has at least one inmate fluent in both languages who is trusted to interpret and translate for Spanish-speaking inmates, and if no inmate is available, prison arranges for interpreter).

As to the merits, our view of what is depicted on the two-part video differs from that of the district court. See Murchison v. Rogers, 779 F.3d 882, 886-87 (8th Cir. 2015) (reviewing de novo grant of summary judgment, viewing evidence in light most favorable to non-movant, and giving non-movant benefit of all reasonable inferences); Johnson, 12 F.3d at 135-36 (evidentiary hearing standard); see also Kingsley v. Hendrickson, 135 S. Ct. 2466, 2471-73 (2015) (pretrial detainee must demonstrate only that force knowingly or purposely used against him was objectively unreasonable). Among other things, while the district court found that Martinez precipitated the confrontation by resisting his removal from the cell block into the hallway, we question whether Martinez's actions could be described as resistance, as the events occurred quickly after Fields first grabbed Martinez's arm. Further, the

video clip of what happened in the hallway outside the cell block does not appear to show Martinez resisting. See Edwards v. Byrd, 750 F.3d 728, 732 (8th Cir. 2014) (in excessive-force claim brought by pretrial detainee, focus is on whether defendant's purpose in using force was to injure, punish, or discipline). Moreover, Martinez testified that he did not understand that officers were telling him the call button was to be used only for medical emergencies, and there were no signs in Spanish near the button. As noted, Fields did not dispute the evidence that Martinez did not speak or understand English; and he offered no evidence as to whether he knew Martinez understood his orders, or why he saw the need to use physical force to remove Martinez from the cell block, as opposed to using a lower level of intervention for an uncooperative detainee as outlined in WCDC's use-of-force policy. Finally, the hearing evidence indicated that Martinez suffered a fractured clavicle, sprains, and a contusion. Cf. Jackson v. Buckman, 756 F.3d 1060, 1067-68 (8th Cir. 2014) (use of force does not amount to punishment in constitutional sense if it is incident of some other legitimate government purpose; act of hitting pretrial detainee's nose was de minimus use of force not actionable under Due Process Clause, in part because detainee conceded it did not cause any objectively verifiable injury). We thus find that there is a jury issue on whether Fields used excessive force during his April 3 encounter with Martinez.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____