# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1500

_____

Danny Joe Connor

*Plaintiff - Appellant*

v.

CO 1 Box

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: June 9, 2016
Filed: June 29, 3016
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Danny Connor appeals after his pro se 42 U.S.C. § 1983 action was dismissed without prejudice for failure to exhaust administrative remedies and his motion seeking to amend his complaint was denied as futile.

After careful review, we conclude that dismissal was improper. A liberal construction of Connor's allegations supports the conclusion that prison officials thwarted him from taking advantage of the grievance process, which effectively made the administrative remedies unavailable to him. See 42 U.S.C. § 1997e(a) (stating that a prisoner must exhaust available administrative remedies before bringing an action under § 1983); Ross v. Blake, No. 15-339, 2016 WL 3128839, at *8 (U.S. June 6, 2016) (explaining that administrative remedies are not considered available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (acknowledging that documents filed pro se are to be liberally construed); King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir.) (reviewing de novo a dismissal for failure to exhaust administrative remedies), cert. denied, 562 U.S. 966 (2010).

We agree, however, with the district court's denial of the motion to amend. See Bryant v. Medtronic, Inc. (In re Medtronic, Inc.), 623 F.3d 1200, 1208 (8th Cir. 2010) ("We review denial of leave to amend for an abuse of discretion, but the legal conclusions underlying a determination of futility are reviewed de novo."); Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (discussing pleading requirements and noting that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.").

We vacate the dismissal, affirm the denial of the motion to amend, and remand the case for further proceedings. We also grant Connor's pending motion for leave to appeal in forma pauperis and deny his motion for appointment of counsel.

_____