# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2933
_____

Travis R. McPeek

*Plaintiff - Appellant*

v.

Lee Blanchard, Sgt. at Woodbury County Jail; Levi Harry; Michael Lenz; Nickolas
Rogers; Kayne Weaver

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City
_____

Submitted: October 28, 2016
Filed: November 2, 2016
[Unpublished]
_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Travis McPeek appeals after the district court
dismissed his complaint without prejudice for failure to exhaust administrative
remedies.  We reverse and remand the case for further proceedings.

After McPeek filed this action alleging that he was assaulted while being held at the Woodbury County Jail, in violation of his constitutional rights and state law, defendants sought summary judgment, asserting that McPeek had failed to exhaust available administrative remedies. The record included the following: an affidavit of the jail administrator, who stated that the jail maintained files of inmates' grievances and other correspondences, and had no record of McPeek filing a written grievance pertaining to the assault alleged in the complaint; an unsigned inmate screening form, which indicated that McPeek had no physical injuries on the day after the alleged assault; McPeek's affidavit--which was corroborated by his later testimony at a hearing--stating, inter alia, that he had submitted a written formal grievance on the day after he was assaulted, but received no response, and had no knowledge of what happened to the written grievance after its submission; and a written document titled "Appeal," which McPeek submitted to jail staff several weeks after the date of the alleged assault and in which he complained about the alleged assault, but did not specifically mention a prior grievance. The district court dismissed the complaint without prejudice, concluding that it was beyond genuine dispute that McPeek had failed to exhaust the administrative process. For support, the court relied on the absence of a written record of McPeek's alleged written grievance, the fact that McPeek had only his own statements to support his assertion that he had filed a grievance, and inferences the court had drawn adversely to McPeek from the inmate screening form and the document titled "Appeal."

Upon careful de novo review, *see King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1052 (8th Cir. 2010) (interpretation of 28 U.S.C. § 1997e(a) reviewed de novo), we conclude that the record established a genuine dispute as to whether McPeek submitted a timely written grievance,[1] as he maintained in his affidavit and supporting testimony, *see Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001) (defendant has

---

[1]We express no view regarding the extent of the administrative remedies that were available to McPeek.

burden to plead and prove that inmate failed to exhaust available administrative remedies); *see also Johnson v. Bi-State Justice Ctr.*, 12 F.3d 133, 135-36 (8th Cir. 1993) (discussing application of summary judgment; court must, inter alia, draw all justifiable inferences in favor of nonmoving party).

Accordingly, we reverse the dismissal of McPeek's section 1983 claims. We note that after dismissing the federal claims, the district court declined to exercise jurisdiction over McPeek's supplemental claims under Iowa law. Because we are reversing the dismissal of the federal claims, we also vacate the dismissal of the state-law claims. This case is remanded for further proceedings consistent with this opinion.

WOLLMAN, Circuit Judge, concurring in the judgment.

_____