# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1882

_____

Tommy Ray Mosley

*Plaintiff - Appellant*

v.

Correctional Care Solutions; Arkansas Department of Correction; Wendy Kelley; Danny Burl

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: October 31, 2016
Filed: December 12, 2016
[Unpublished]

_____

Before LOKEN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Arkansas inmate Tommy Mosley appeals from the judgment of the District Court[1] dismissing with prejudice his claims against the

---

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

Arkansas Department of Correction and dismissing his remaining claims without prejudice. He challenges the denial of class certification, discovery rulings, and the dismissal of his claims to the extent they were dismissed for failure to exhaust administrative remedies.[2]

We conclude that the District Court did not abuse its discretion either in denying class certification or in its discovery rulings. See Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1004 (8th Cir. 2004) (reviewing denial of class certification for an abuse of discretion); Paxton v. Union Nat'l Bank, 688 F.2d 552, 559 (8th Cir. 1982) (discussing requirements for class certification), cert. denied, 460 U.S. 1083 (1983); Sheets v. Butera, 389 F.3d 772, 780 (8th Cir. 2004) (reviewing rulings on discovery matters for a gross abuse of discretion). We further conclude that the District Court did not err in dismissing some of Mosley's claims for failure to exhaust administrative remedies, as it is undisputed that Mosley filed a pertinent grievance that was ultimately exhausted after he initiated this action. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); King v. Iowa Dep't. of Corr., 598 F.3d 1051, 1052 (8th Cir.) (reviewing de novo district court's interpretation of § 1997e(a)), cert. denied, 562 U.S. 966 (2010); Johnson v. Jones, 340 F.3d 624, 626-28 (8th Cir. 2003) ("Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court.").

We affirm the District Court, and we deny as moot Mosley's pending motion to file a substitute reply brief.

---

[2]Mosley presented no meaningful argument as to any other ruling made by the District Court. See Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007) (noting that points not meaningfully argued on appeal are waived).