# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1566
_____

Henry A. Harmon

*Plaintiff - Appellant*

v.

Jonathan J. White, Corporal, Cummins Unit; Keith Day, Captain, Cummins Unit
(originally named as K. Day)

*Defendants - Appellees*

William Byers, Assistant Warden, Cummins Unit

*Defendant*

Jared Byers, Assistant Warden, Cummins Unit

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: October 5, 2017
Filed: October 25, 2017
[Unpublished]
_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

In this pro se 42 U.S.C. § 1983 action, Arkansas inmate Henry Harmon appeals after the district court[1] dismissed his lawsuit without prejudice for failure to exhaust administrative remedies.

Having carefully reviewed the record and the parties' arguments on appeal, we conclude that dismissal was appropriate. See 42 U.S.C. § 1997e(a) (under Prison Litigation Reform Act (PLRA), prisoner must exhaust available administrative remedies before bringing federal prison-conditions claim); King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (2010) (reviewing de novo dismissal for failure to exhaust administrative remedies); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (noting that PLRA requires dismissal for failure to fully exhaust administrative process). Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas.