# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 17-2783

———————————————

Jacob James Townsend

*Plaintiff - Appellant*

v.

Terry Murphy, Water Treatment Supervisor, ADC Tucker Unit; Richard Romine, Water Treatment/Outside Maintenance Supervisor; David White, Warden, Tucker Unit

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

————————

Submitted: April 11, 2018
Filed: July 31, 2018

————————

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

————————

STRAS, Circuit Judge.

Jacob Townsend, an inmate at Arkansas's Tucker Unit prison, sued three prison officials for requiring him to work with deadly chlorine gas without proper training and safety gear. The district court granted summary judgment to the officials based on Townsend's failure to exhaust his administrative remedies.

Because an administrative remedy was unavailable against one of the officials, we affirm in part, reverse in part, and remand.

## I.

To comply with the first step of the prison's administrative procedures, Townsend submitted an informal written complaint to Sergeant Jeavon Perry, one of the prison's assigned "problem solvers." Townsend alleged that Terry Murphy, his supervisor at the prison's water-treatment plant, had required him to work with chlorine gas without safety training and equipment. Six weeks later, after having not received a response to his informal complaint, Townsend filed a formal grievance.

The prison rejected Townsend's filing, which according to an administrative directive was due six business days after he submitted his informal complaint. Because Townsend missed the six-day deadline by over five weeks, the prison refused to consider the merits of his grievance.

After failing to obtain administrative relief, Townsend filed a lawsuit under 42 U.S.C. § 1983 alleging that prison officials had violated his constitutional rights by requiring him to work under dangerous conditions. The three officials he named as defendants were Murphy, his direct supervisor; Richard Romine, the plant's outside maintenance supervisor; and David White, the warden. The defendants moved for summary judgment on the theory that Townsend failed to exhaust his administrative remedies because he filed his grievance after the six-day deadline had expired. In addition, Romine and White argued that Townsend's failure to specifically identify them in his informal written complaint required dismissal of the claims against them, separate and apart from Townsend's delay in filing a formal grievance.

In response to the defendants' summary-judgment motion, Townsend submitted a sworn declaration stating that Sergeant Perry repeatedly told him,

including just three days after he filed his informal complaint, not to file a formal grievance until he received a response to his informal complaint. According to the declaration, the prison also ignored his serial requests to visit the prison's library to review the only available copy of the administrative directive, the contents of which were not "common knowledge." Townsend claimed that his inability to access the prison's library and Perry's misleading advice rendered the formal-grievance procedure "unavailable." The defendants did not respond to Townsend's declaration with their own evidence.

The district court granted summary judgment to all three defendants, concluding that Townsend's failure to follow the administrative directive was fatal to his lawsuit. Townsend appeals the court's summary-judgment ruling, specifically the conclusion that he failed to exhaust his administrative remedies.

## II.

We review a grant of summary judgment de novo. *See Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## A.

Under the Prison Litigation Reform Act (PLRA), a prisoner who wishes to challenge his conditions of confinement typically must exhaust administrative remedies "in accordance with the [prison's] applicable procedural rules, including deadlines," before bringing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also* 42 U.S.C. § 1997e(a). The PLRA, however, requires exhaustion of only "such administrative remedies as are available." 42 U.S.C. § 1997e(a). The availability of a remedy, according to the Supreme Court, is about more than just whether an administrative procedure is "on the books." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). An administrative remedy is "not capable of use," and

-3-

therefore unavailable, for example, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

This is exactly what Townsend says happened. According to Townsend's sworn declaration, Sergeant Perry misled him by advising him not to file a formal grievance, the second step in the prison's administrative process, without first receiving a response to his informal complaint. *Accord Davis v. Fernandez*, 798 F.3d 290, 296 (5th Cir. 2015) ("Davis testifies that jail staff told him that the grievance process [did not have an] option to appeal—and he, relying on that misrepresentation, did not file an appeal. . . . [W]e conclude that the second step of the jail's grievance process was unavailable to him."); *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011). The denial of access to the library, which contained the only available copy of the administrative directive, magnified the impact of Sergeant Perry's misstatements, which Townsend had no way to verify. Townsend's declaration, if accepted as true, would establish that the prison's formal-grievance procedure was unavailable. We accordingly reverse the grant of summary judgment to Murphy, who prevailed below only because Townsend did not file his formal grievance in time.

B.

The appeal is not over for Romine and White, however, who are still entitled to summary judgment if Townsend was required to name them in his informal complaint, something he indisputably did not do. Townsend, for his part, is silent on the availability of the informal-complaint process, except to argue that the unavailability of the formal-grievance procedure somehow draws into question whether he was required to separately comply with the requirements for filing an informal complaint.

A prisoner cannot opt out of all administrative remedies even when some are unavailable. *Ross* makes clear that a prisoner must "exhaust available remedies,"

including "grievance procedures that are 'capable of use' to obtain 'some relief,'" but "need not exhaust unavailable ones." 136 S. Ct. at 1858–59 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Here, the prison's informal-complaint process provided Townsend with an avenue for relief. As an assigned problem solver, Sergeant Perry's role was to informally resolve disputes and eliminate the need for the formal-grievance process. But by failing to mention Romine and White in his informal complaint, Townsend limited Perry's ability to investigate his claim and provide relief, and consequently, failed to exhaust an available administrative remedy. Because the informal-complaint process was "capable of use" and could have provided "some relief," the administrative-exhaustion requirement applied regardless of whether the formal-grievance procedure was later available to Townsend.

Alternatively, Townsend argues that he fully exhausted his remedies against Romine and White by filing an informal complaint with Sergeant Perry. As the Supreme Court has explained, "the boundaries of proper exhaustion" depend on the prison's specific administrative requirements. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Here, the preprinted informal-complaint form instructed Townsend to "be specific as to the complaint, date, place, [and] name of personnel involved." Despite these instructions, Townsend made no mention of Romine or White, nor of the specific factual allegations that would later appear in his federal complaint. He did not even hint that anyone other than Murphy was responsible for his exposure to chlorine gas. Having failed to include any information about Romine or White in his informal complaint, Townsend did not exhaust his remedies against them. *See Burns v. Eaton*, 752 F.3d 1136, 1141–42 (8th Cir. 2014).

III.

We affirm the grant of summary judgment to Romine and White, reverse as to Murphy, and remand to the district court for further proceedings consistent with this opinion.

_____