# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3300

_____

Reginald L. Dunahue

*Plaintiff - Appellant*

v.

Kennie Bolden, Chief of Security, Varner Max; Mark Stephens, Captain, Varner Max; Sedrick Foote, Sergeant, Varner Max; Bruce Warren, Lieutenant, Varner Max; Joseph Bivens, Lieutenant, Varner Max; Phillip Esaw, Lieutenant, Varner Max (originally named as Phillip Esau); James Plummer, Lieutenant, Varner Max; John Rodgers, Sergeant/Hoe Squad, Varner (originally named as Rogers); Brandon James, Sergeant/Hoe Squad, Varner (originally named as James); Lisa Childress, Sergeant, Varner Max (originally named as Childress); Brian Perkins, Sergeant, Varner Max (originally named as Perkins); Mary Lloyd, Sergeant, Varner Max (originally named as Lloyd); Bruce McConnell, Sergeant, Varner Max (originally named as McConnell); William Williams, Sergeant, Varner Max (originally named as W. Williams); Jamarcus Davis, Sr., Sergeant, Varner Max (originally named as Davis); Randy Watson, Warden, Varner Max; Moses Jackson, Deputy Warden, Varner Max; Jeremy Andrews, Deputy Warden, Varner Max; Chris Budnik, Deputy Warden, Varner Max (originally named as Budnik); Marshall Reed, Director, ADC Board of Correction (originally named as Marshal Reed)

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: August 23, 2018
Filed: August 28, 2018
[Unpublished]
_____

Before WOLLMAN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Arkansas Department of Correction inmate Reginald L. Dunahue appeals the district court's[1] adoption of the magistrate's recommendation to dismiss defendants Mary Lloyd, Bruce McConnell, William Williams, Bruce Warren, Joseph Bivens, and Jamarcus Davis, Sr., for failure to exhaust administrative remedies, and to grant summary judgment on the merits to those defendants remaining in his 42 U.S.C. § 1983 action.

Dunahue claims that the district court (1) erred in concluding that he failed to exhaust his administrative remedies as to the six defendants named above; (2) improperly granted summary judgment on the merits of his claims that the remaining defendants used excessive force and denied him adequate medical care; and (3) abused its discretion in denying his request for counsel.

Upon de novo review, we conclude that the district court's dismissal of the six defendants on the basis of administrative exhaustion was proper, see King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052-53 (8th Cir. 2010) (standard of review; exhaustion is precondition to inmate bringing suit in federal court); and that it

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.

correctly granted summary judgment to the remaining defendants on Dunahue's excessive force and inadequate medical care claims, see Beverly Hills Foodland, Inc., v. United Food & Commercial Workers Union, Local 655, 39 F.3d 191, 194 (8th Cir. 1994) (standard of review for summary judgment).

Specifically, we conclude that Dunahue failed to create a genuine issue of material fact as to whether force was applied maliciously and sadistically in an effort to cause harm, see Jackson v. Gutzmer, 866 F.3d 969, 974 (8th Cir. 2017) (factors considered in excessive-force reasonableness inquiry); and that he did not establish that (1) the defendants refused to provide him essential care, (2) they were responsible for any delay in treatment, or that he suffered a detrimental effect as a result, or (3) the challenged cuffing policy interfered with his ability to receive dental care, cf. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (deliberate indifference may be manifested by prison officials who intentionally deny or delay access to medical care, or intentionally interfere with prescribed treatment).

We further conclude that the district court did not abuse its discretion when it denied Dunahue's requests for counsel. See Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006) (standard of review; there is no constitutional or statutory right to appointed counsel in civil cases).

The judgment is affirmed. See 8th Cir. R. 47B.

_____