# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1127

_____

Fred Edgin

*Plaintiff - Appellant*

v.

Correct Care Solutions LLC, (originally named as Correct Care Services); Marty
Hearyman, Doctor, Calico Rock Infirmary (originally named as Heeryman);
Jagdish Shah, Doctor, Bowie County Correctional Center (originally named as
Shah); Does, Infirmary Nurses, Calico Rock, LaSalle Correction, and Bowie
County Correctional Center; Linda Hunt, Nurse (originally named as Hunt);
Marjorie Reed-Hall, Nurse (originally named as Hall); Amanda Davis, Nurse
(originally named as Davis); Sharyn Rohder, APN (originally named as Sharon
Rohder); Elizabeth Haydon, Medical Unit Supervisor (originally named as
Hayden); Arnold, Nurse; Fletcher, Nurse; Don Lynch; Valerie Baltzell, Nurse
(originally named as Doe nurse Valerie)

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: September 7, 2018
Filed: September 12, 2018
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Fred Edgin appeals the district court's[1] grant of defendants' motions to dismiss and for summary judgment in his 42 U.S.C. § 1983 action.  We find no error in the district court's determinations that Edgin had not exhausted his administrative remedies as to his claims against the North Central Unit in Arkansas defendants, see King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir. 2010) (under 42 U.S.C. § 1997e(a), § 1983 actions concerning prison conditions shall not be brought by inmate until such administrative remedies as are available are exhausted; de novo review of dismissal for failure to exhaust); that he did not state a claim against the Bowie County Correctional Center nurse defendants, see Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (reviewing de novo grant of motion to dismiss, accepting as true all factual allegations in complaint, and drawing all reasonable inferences in nonmovant's favor); or that personal jurisdiction over Dr. Shah was lacking, see Steinbuch v. Cutler, 518 F.3d 580, 585 (8th Cir. 2008) (Arkansas long arm statute confers jurisdiction to fullest constitutional extent, so inquiry on appeal is whether exercise of jurisdiction comports with due process; reviewing de novo dismissal for lack of personal jurisdiction).  Accordingly, the judgment is affirmed.  See 8th Cir. R. 47B.

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas.