# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1283

_____

Charles Hamner

*Plaintiff - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Correction; David White, Warden, Tucker Unit; Raymond Naylor, Disciplinary Hearing Officer, ADC; Keith Waddle, Disciplinary Hearing Officer, ADC; John Lowe, Deputy Warden, Tucker Unit; Kendra K. Culclager-Hopson, Correction Officer, Tucker Unit; Marshall Dale Reed, Deputy Director, Arkansas Department of Correction

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: September 5, 2018
Filed: September 14, 2018
[Unpublished]

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Charles Hamner appeals the adverse judgment in his 42 U.S.C. § 1983 action against several Arkansas Department of Correction officials.

For the reasons stated below, we affirm in part, reverse in part, and remand the case for further proceedings.

Hamner filed a verified amended complaint, naming the following Arkansas Department of Correction officials in their personal capacities: Keith Waddle, Wendy Kelley, David White, Raymond Naylor, and Marshall Dale Reed. His allegations and exhibits reflected the following. In August 2015, Hamner filed against Waddle a claim with the Arkansas State Claims Commission. While that claim was pending, a correctional officer charged Hamner with a violation of prison rules; Hamner then proceeded to a disciplinary hearing before Waddle, a disciplinary hearing officer. According to Hamner, "prior to" the disciplinary hearing, he questioned Waddle about Waddle's ability to remain impartial in light of Hamner's pending claim against him with the Arkansas State Claims Commission, and requested that Waddle recuse himself from hearing the disciplinary matter. Waddle denied this request and then found Hamner guilty of the charged rule violation, which resulted in, inter alia, a loss of good-time credit. In his section 1983 lawsuit, Hamner claimed that defendants retaliated against him and violated his due process rights.[1]

The district court, on initial screening, dismissed Hamner's due process claim, without prejudice. The court then disposed of Hamner's retaliation claim on summary judgment. The evidence in the summary judgment record included a video recording of the disciplinary hearing, which captured only the hearing's formal proceedings and did not include Hamner asking Waddle to recuse himself. As to Hamner's retaliation claim against Kelley, Naylor, Reed, and White, the court concluded that Hamner had failed to exhaust his administrative remedies, and the court thus dismissed the claim against these defendants, without prejudice. As to

---

[1]On appeal, Hamner does not challenge the dismissals of other claims and defendants. See Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007) (points not meaningfully argued on appeal are waived).

Hamner's retaliation claim against Waddle, the court concluded that the correctional officer's statement constituted "some evidence" of a rule violation.

After careful consideration, we affirm as to Hamner's claims against Kelley, Naylor, Reed, and White. The record established that Hamner failed to exhaust his administrative remedies with respect to these defendants. See 42 U.S.C. § 1997e(a) (no action shall be brought with respect to prison conditions under § 1983 by prisoner until such administrative remedies as are available are exhausted); Townsend v. Murphy, 898 F.3d 780, 783-84 (8th Cir. 2018) (grant of summary judgment is reviewed de novo; concluding that prisoner failed to exhaust available administrative remedies by failing to name prison officials in grievance procedure); see also King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir. 2010) (dismissal for failure to exhaust administrative remedies is reviewed de novo).

We reverse, however, as to Hamner's claims against Waddle. Regarding the retaliation claim, we conclude that a genuine issue of material fact remained as to whether the correctional officer's statement sufficed as "some evidence" that Hamner committed the disciplinary violation, in light of evidence calling into question whether Waddle was an impartial decision maker. See Hartsfield v. Nichols, 511 F.3d 826, 829, 831 (8th Cir. 2008) (summary judgment is proper on retaliation claim if defendant shows "some evidence" that inmate actually committed rule violation; guard's report, even if disputed by inmate and supported by no other evidence, legally sufficed as "some evidence" of rule violation, if violation was found by impartial decisionmaker); see also Beaulieu, 690 F.3d at 1024 (standard of review). Hamner presented evidence reflecting that he had named Waddle in his claim with the Arkansas State Claims Commission, which was pending at the time of his disciplinary hearing. In addition, the video recording captured only the formal proceedings of the hearing, but Hamner alleged in his verified amended complaint that he asked Waddle to recuse himself "prior to" the hearing. See Roberson v. Hayti Police Dep't, 241 F.3d 992, 994-95 (8th Cir. 2001) (verified complaint is equivalent of affidavit for

purposes of summary judgment).  For similar reasons, we conclude that Hamner's due process claim against Waddle was improperly dismissed.  <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 557, 571 (1974) (inmate facing loss of good-credit time must receive minimum procedures required by due process, which include, inter alia, opportunity to be heard before impartial decision maker).

The judgment is affirmed in part and reversed in part, and the case is remanded for further proceedings.

_____