# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1387

_____

James N. Brown, Jr.

*Plaintiff - Appellant*

v.

Associate Warden G. Cooper; Asst. Director Ken Hyle; Sara Revell, Regional
Director; Kathleen Kenney, Gen. Counsel; L. LaRiva, Warden; L. Janssen, R.N.;
C. Orum, Unit Manager; R. Woltman, Unit Counselor; FNU Sanson; A. Cossette,
Unit Manager; D. Holbus, Lieutenant; C. Stromberg, C/O; FNU Hare, Lieutenant;
Peter Arroyo; Charles Slater, MD; Sheila Hadaway, MD; Misbah Baqir, M.B.B.S.;
Mayo Clinic; M. Porter, R.N. Supervisor; T. Miller, Captain; United States of America

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 10, 2019
Filed: December 13, 2019
[Unpublished]

_____

Before STRAS, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Former federal inmate James N. Brown, Jr. appeals the district court's[1] adverse grant of summary judgment in his action raising claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[2] We find that dismissal of the Bivens claims for failure to exhaust administrative remedies was mandatory, given the undisputed evidence that Brown did not properly exhaust. See King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (8th Cir. 2010) (de novo review); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (dismissal is required if inmate has not exhausted administrative remedies before filing federal suit). As to the Bivens claims for damages at issue on appeal, the judgment is affirmed, see 8th Cir. R. 47B, but the dismissal is amended to be without prejudice.

—————————————————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Becky R. Thorson, United States Magistrate Judge for the District of Minnesota.

[2]Brown has identified certain appellees who should be dismissed, and has waived all but the Bivens claims against the remaining officials and staff of the Bureau of Prisons and the Federal Medical Center in Rochester, Minnesota. See Hess v. Ables, 714 F.3d 1048, 1051 n.2 (8th Cir. 2013) (waiver of claims). Further, because of Brown's release from prison, his claims for injunctive and declaratory relief are moot. See Watts v. Brewer, 588 F.2d 646, 648 (8th Cir. 1987) (plaintiff's release from prison mooted claims for declaratory and injunctive relief, but not his claim for monetary damages).