# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-2430

_____

Robert Campo

*Plaintiff - Appellant*

v.

U.S. Department of Justice

*Defendant - Appellee*

_____

No. 20-2439

_____

Ferissa Talley

*Plaintiff - Appellant*

v.

U.S. Department of Labor

*Defendant - Appellee*

_____

No. 20-2494

_____

Ferissa Talley

*Plaintiff*

Jack R. T. Jordan

*Contemnor - Appellant*

v.

U.S. Department of Labor

*Defendant - Appellee*
_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 17, 2021
Filed: July 30, 2021
[Unpublished]
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

For quite a while, Jack Jordan has been trying to get various emails that the United States government has in its possession. Rather than suing on his own behalf, as he did previously, he now represents others who seek them. Each of the cases ended at summary judgment, and the district court[1] imposed sanctions in one based on Jordan's litigation abuses. We affirm.

_____

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri, and the Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

First, we agree with the district court that no genuine issue of material fact remained for trial. *See* 8th Cir. R. 47B; *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018) ("We review a grant of summary judgment de novo."). In each case, the United States fully complied with the Freedom of Information Act, *see* 5 U.S.C. § 552, and in one of them, res judicata provided an alternative basis for summary judgment.

Second, the district court had good reason to sanction Jordan for his abusive conduct, including by imposing $1,500 in fines, setting filing restrictions, and alerting the bar disciplinary authorities to his behavior. The court had the power to take these actions, *see, e.g.*, Fed R. Civ. P. 11(c); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46, 50 (1991), which did not violate his First or Fifth Amendment rights, *see Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1071–74 (1991); *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 743 (1983); *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003).

_____